### STATE v. WONDER.

Municipal Court, Findlay.

No. 462.   Decided March 2, 1957.

R. J. Rinebolt, Asst. Solicitor, Findlay.
Harry Roebke, Bowling Green, for defendant.

## OPINION

By THE COURT:

A review of our cases for the year 1956 reveals that this case was laid aside by the Court and remains to be disposed of.

Defendant was arrested by the Findlay Police Department April 6, 1956, on a "John Doe" warrant issued by the Clerk of this court pursuant to an affidavit of April 4, 1956, signed by Urban L. Steinmetz, charging malicious destruction of property in violation of §2909.01 R. C. He was arraigned here the same day, pleaded Not Guilty and requested a continuance to obtain counsel, which was granted. Trial was set for April 9th at 2 P. M., at which time defendant reappeared with counsel and, the State being ready, the case proceeded.

The following witnesses were sworn and examined on behalf of the State: Urban L. Steinmetz, Findlay garbage removal contractor; Steven Elchert, driver for Steinmetz; and Police Captain Wayne F. Ethell. At the conclusion of their testimony defendant's counsel moved to dismiss the complaint, urging that there had been no showing as to whose property was injured or destroyed, that the injury had been trifling, and no malice had been shown.

The complaint charges that defendant, in this venue, on March 27, 28, 29, 30 and 31, 1956,

"being an employee of Robert Zeigman, did unlawfully, wilfully and maliciously remove from various garbage containers located in the city of Findlay, Ohio, blue cardboard identification tags placed on said containers by the owners thereof, said tags being the property of the complainant and having a value of two cents each, and further the destruction of said identification tags impairs and prevents the collection of garbage and is against the welfare of the citizens of Findlay, Ohio" contrary to the form of the statute, §2909.01 R. C.

The statute cited simply provides:

"No person shall maliciously destroy or injure property not his own."

There is no reference in the statute to the collection of garbage in or the welfare of the citizens of Findlay, Ohio. It seems scarcely necessary to observe that penal statutes are strictly construed, and cannot be extended to cases not falling within their terms. 12 O. Jur., p. 55. Hence the charge that defendant impaired the collection of garbage, against the welfare, etc., is surplusage and meaningless in this complaint.

The elements of the offense charged are:

1. Maliciously destroying or
2. Injuring property
3. Of another
4. Having some substantial value
5. Venue

The penalty attached makes the offense a felony if the value of the property destroyed, or the injury done, is one hundred dollars or more; if the value is less, it is a misdemeanor. In taking the case under ad-

visement, the Court was initially concerned with his jurisdiction to make final disposition, but has long since found the answer, in favor of final jurisdiction, given by the Court of Appeals of Lucas County, reversing the Court of Common Pleas, in **State v. Wening, 81 Oh Ap 174, 36 O. O. 487,** where the third paragraph of the syllabus reads:

"In a prosecution for malicious destruction of property, the value of which is alleged in the affidavit to be less than $100, the Municipal Court of Toledo has the power to determine the guilt or innocence of the accused and is not limited to a preliminary examination."

The Court of Appeals announced that this section (**§2909.01 R. C.**), defines two offenses, a felony and a misdemeanor, which are distinguished solely by the value of the property involved, and the final jurisdiction of a Municipal Court over the lesser offense is clear.

From the testimony given and evidence proffered, without objection, in this case, the Court finds: The complainant, Steinmetz, held and still holds a long-term contract with the City of Findlay for the exclusive right, for hire, to collect and remove garbage therein. From April 1, 1954, to March 31, 1956, by sub-contract he assigned the territory north of the Blanchard River to one Robert Zeigman. Defendant was an employee of Zeigman. During March, 1956, Steinmetz mailed cardboard tags to the customers in Zeigman's territory with instructions to affix them to their containers, so that his drivers could readily identify these containers when they took over Zeigman's routes on April 1st. Zeigman instructed his drivers to remove the tags, and defendant removed some 40 to 50, having a value of two cents each.

It may be conjectured that Zeigman was motivated by pique or resentment at Steinmetz for not renewing his sub-contract, and there is ground for inferring some spite or petty malice on his part. But Zeigman was not on trial in this case, and there appears to be no ground for transfering his mental attitude to the defendant, Wonder. Hence there is no showing of express malice. Constructive malice might be found in the mere doing of a wrongful act to the injury or another without any just cause or excuse (**25 O. Jur. 840, Section 5**), but this principle is offset by the principle that intent to do a mere civil wrong cannot be a foundation for a presumption of criminal intent (Regina v. Franklin, Sussex Assizes 1883). There was a civil wrong done here, consisting of the destruction of property worth from eighty cents to one dollar. But to constitute crime there must be a criminal act plus criminal intent, concurring at the time of commission. For the reasons given above the Court finds there was no showing of criminal intent, either actual or constructive, in this case, and holds the defendant Not Guilty of the offense with which he was charged.

Case dismissed at costs of the State.